UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DERRON SIMON,**<br><br>Petitioner,<br><br>vs.<br><br>**BUREAU OF PRISONS and TRACY DECAUSSIN,**<br><br>Respondents. | **2:26-CV-10239-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING AS MOOT THE MOTION TO AMEND THE PETITION (ECF NO. 7) AND THE MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF NO. 8)** |

Petitioner Derron Simon, through counsel Barton W. Morris, Jr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the disciplinary decision by the Bureau of Prisons (BOP) to find Petitioner guilty of escape while on home confinement. At the time that Petitioner filed the petition, he was incarcerated at the St. Clair County Jail in Port Huron, Michigan, but has since been released from the BOP. Respondent filed an answer to the petition. For the reasons that follow, the petition is **DENIED AS MOOT**.

## I. Background

Petitioner was convicted in the United States District Court for the Eastern District of Virginia of Conspiracy to Distribute and Dispense, and to Possess with Intent to Distribute and Dispense Oxycodone (Sch. II) (Felony) 21 U.S.C. §§ 846 and 841(a), and Distribution of a Controlled Substance to a Person Under Twenty-One, 21 U.S.C. § 859. ECF No. 10, PageID.94. In March 2015, Petitioner was sentenced to 180 months in prison and three years of supervised release as to Count I and six years of supervised release as to Count II, to run concurrently. *Id.*

In November of 2024, Petitioner was released from prison to the Detroit Residential Reentry Center, a federal halfway house. *Id.* In March of 2025, Petitioner was granted home confinement pursuant to the First Step Act. ECF No. 2, PageID.11.

On December 27, 2025, while in home confinement, Petitioner was granted a social pass, which authorized him to attend a holiday event. ECF No. 10, PageID.94. Later, BOP Residential Reentry Management staff conducted an accountability check of Petitioner and learned that on that day, Petitioner had been out past curfew and also been in unauthorized locations for a total of 4 hours and 28 minutes. ECF No. 13-2, PageID.110.

Petitioner was charged with Code 200, Escape. *Id.* A Center Disciplinary Committee ("CDC") hearing was conducted on January 5,

2026. *Id.* At that hearing, the evidence confirmed that Petitioner did not have authorization to deviate from the approved pass and had previously signed documents acknowledging the Residential Reentry Center's rules. ECF No. 13-3, PageID.118. From January 8, 2026, through April 9, 2026, Petitioner was incarcerated in the St. Clair County Jail pending the outcome of the incident report. ECF No. 13-1, PageID.107.

On April 15, 2026, the Disciplinary Hearing Officer ("DHO") issued a CDC Discipline Hearing Officer Report, finding that Petitioner was guilty of Escape and issued a disciplinary sanction. ECF No. 13-3, PageID.112. On April 9, 2026, Petitioner was released back to the Detroit Residential Reentry Center and was housed at the Cherry Hill Community Treatment Center in Detroit, Michigan. ECF No. 13-1, PageID.107); ECF No. 13-3, PageID.126; *see also* https://www.bop.gov/inmateloc/.[1]

Petitioner filed this petition, challenging his disciplinary charge and his incarceration at the St. Clair County Jail. In his original petition, Petitioner requested that he be released back to the Cherry Hill Community Treatment Center. ECF No. 1, PageID.8. However, in his

[1] This Court may take judicial notice of the BOP's inmate locator, *see Marshek v. Eichenlaub,* 266 F. App'x 392 (6th Cir. 2008). Cherry Hill Community Treatment Center is an RRC used by the BOP. *Benton v. Cherry Health Cmty. Treatment Ctr.*, No. 21-11594, 2021 WL 4060996, at *1 (E.D. Mich. Sept. 7, 2021); *Gross v. Warden, USP Canaan*, No. 1:15-CV-1529, 2018 WL 527919, at *8 (M.D. Pa. Jan. 24, 2018).

brief in support, Petitioner asks that he be restored to home confinement. ECF No. 2, PageID.17. Petitioner acknowledges that he failed to exhaust his administrative remedies prior to filing the petition, although he argued that it would be futile to do so because he was scheduled for release from the BOP in July, 2026, and believed he would be unable to complete the exhaustion process before his release. ECF No. 1, PageID.3-4; ECF No. 2, PageID.17. After conferring with the Probation Department, the Court is advised the Petitioner was released from the BOP on August 20, 2026 and is currently on supervised release.

## II. Standard of Review

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to plead. *See e.g. Luedtke,* 704 F.3d at 466. Respondent has argued that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. ECF No. 10, PageID.96.

The BOP maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the

inmate's confinement. 28 C.F.R. § 542.10(a). "The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to the appeal." *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (citing 28 C.F.R. §§ 542.13–.15). "The BP–10 and BP–11 forms must be accompanied by a copy of the filings and responses from the previous levels." *Id.* at 239 (citing § 542.15(b)). "At each level, the responsible administrator must respond to an inmate's request or appeal within a certain time period: the Warden within 20 days; the Regional Director within 30 days; and the General Counsel within 40 days." *Id.* (citing § 542.18). The time to respond can be extended by 20 days by the Warden, 30 days by the Regional Director, or 20 days by the General Counsel. *Id.* § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Risher,* 639 F.3d at 239.

Administrative law requires the proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues

on the merits)." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (internal citation and quotation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

## III. Discussion

Petitioner, by his own admission, failed to exhaust his administrative remedies prior to filing his habeas petition.

Petitioner acknowledges he did not exhaust his administrative remedies but argues that it would be futile to do so because of time constraints. Although there is a futility exception to the exhaustion requirement, *see Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), Petitioner failed to show that it would be futile to exhaust his claims. Petitioner appears to argue that it would be futile to exhaust because the passage of time while doing so would moot the legal issues raised because his purported release date might arrive before he could complete the exhaustion process.

Another court in this district has indicated that "[a] prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion." *Gratton v. United States*, No. 22-10429, 2022 WL 3130219, at *2 (E.D. Mich. Aug. 4, 2022) (Levy, J.) (citing *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) (Clay, J., concurring in part)).

Moreover, Petitioner's futility argument has consistently been rejected by courts. *Clark v. Allenwood*, 665 F. App'x 136, 138 (3d Cir. 2016) ("Clark's belief that the BOP will not act on his grievance before he is released from custody does not make the administrative remedy system futile"); *see also Gongora-Baltan v. Healy*, No. 4:24cv1597, 2024 WL 4993599, at *2 (N.D. Ohio Nov. 12, 2024) (rejecting futility argument based on petitioner not having "enough time to pursue his remedies before his release date" where petitioner "made no efforts to comply with the BOP's administrative process, and instead, he filed a petition in federal court"); *DeLeo v. Paul*, No. CV 5:23-241-KKC, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023) ("This Court and others have rejected the notion that already-passed or impending release, at least according to the petitioner's calculations, is sufficient to deem exhaustion futile"); *Masselli v. U.S. Parole Comm'n*, 631 F. Supp. 1442, 1446 (S.D.N.Y. 1986) ("Federal prisoners who challenge revocations of parole must exhaust administrative remedies before seeking habeas corpus relief, even though they claim they are entitled to immediate release.").

Because Petitioner failed to exhaust his available administrative remedies, his petition shall be dismissed. *See, e.g.*, *Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

Moreover, Petitioner's habeas petition is moot in light of the fact that he has now been released to the community and is serving his sentence of supervised release.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the federal Constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Here, Petitioner has already been released from BOP custody, and he has not shown that he suffers continuing collateral consequences flowing from the discharged sentence. His primary requested relief was "[i]mmediate restoration of Home Confinement." ECF No. 2, PageID.17. That relief was already beyond the scope of this Court's authority. *See* 18

U.S.C. § 3621(b) (stating that the BOP's "designation of a place of imprisonment is not . . . reviewable by any court"); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (stating that the BOP "is responsible for designating the place of a prisoner's imprisonment"). But even if the Court had authority to grant such relief, it could not because Petitioner has already been released. Thus, a favorable judicial decision cannot redress any of Petitioner's injuries. For these reasons, the petition is subject to dismissal.

## IV. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED AS MOOT AND DISMISSED WITH PREJUDICE**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his petition. The Court grants Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764–65 (E.D. Mich. 2002).

Finally, because the petition is being dismissed, the motions to amend the petition and for a temporary restraining order (ECF Nos. 7, 8) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: September 1, 2026

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE